**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins**

**FREDERICK SELLERS,**

        Plaintiff,

v.                                              **CIVIL ACTION No. 2:18-CV-1**
                                                      Judge Bailey

**EDDIE ANDERSON,** D.O., et al.,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 47]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 26, 2020, wherein he recommends that plaintiff's Complaint [Doc. 1] be dismissed with prejudice applying the principle of *res judicata*. Furthermore, Magistrate Judge Mazzone recommends that, in the alternative, plaintiff's Complaint as to defendants Anderson and Carlson be dismissed without prejudice for failure to exhaust administrative remedies, and as to defendant Lehmann be dismissed with prejudice for failure to state a claim upon which relief may be granted. For the reasons that follow, this Court will adopt the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. This Court granted plaintiff's request for an extension of time [Doc. 50] and gave plaintiff an additional ninety (90) days to file his objections to the R&R on June 29, 2020. On September 21, 2020, plaintiff asked for a further extension to file a response/reply to the R&R. On September 22, 2020, this Court again granted plaintiff's request for an extension of time [Doc. 55] and gave him an additional thirty (30) days to file his objections to the R&R. Accordingly, objections were due on or before October 25, 2020. Having filed no objections within that time frame, plaintiff has waived his

right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error.

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 47**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court further **ORDERS** that plaintiff's Complaint [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: October 28, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE